UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR V. BRIK, *Pro Se*, | ) | Case No.: 4:22 CV 609 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN F. GARZA, | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Respondent | ) | <u>AND ORDER</u> |

*Pro Se* Petitioner Vladimir V. Brik is a federal prisoner confined at FCI-Elkton. He has filed this action seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner's asserted ground for his Petition is that he is receiving inadequate medical care for his IBS condition. It appears that the relief he seeks is more or better health care.

Federal district courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 *habeas corpus* petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

Upon review, the Court finds that this Petition must be summarily dismissed because it does not raise a claim cognizable under § 2241. The only claims a federal prisoner may properly assert

in a habeas petition under § 2241 are those challenging the execution of a sentence, such as the manner in which the BOP has computed the prisoner's sentence credits or determined his parole eligibility. A prisoner may not challenge the conditions of his confinement in a habeas petition as Petitioner seeks to do here. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973); *Sullivan v. U.S.*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

Accordingly, a claim by a federal prisoner alleging the denial of medical treatment in violation of the Eighth Amendment as Petitioner appears to assert here must be brought in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and cannot be asserted in a habeas petition under § 2241. *See Sullivan*, 90 F. App'x 862; *Lumbard v. Sepanek*, No. 14-CV-69, 2014 WL 1744837, at *2 (E.D. Ky. Apr. 30, 2014).

**Conclusion**

For the foregoing reasons, the Petition in this matter is dismissed pursuant Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 26, 2022